# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CORAN D. SMITH,<br><br>Defendant. | Case No. 25-CR-106-3-JPS<br><br>**ORDER** |

On September 25, 2026, this Court sentenced Defendant Coran D. Smith ("Defendant") to a total of thirty-six months imprisonment, to be followed by three years of supervised release. ECF Nos. 76, 77. On October 7, 2026, Defendant filed a pro se motion for post-sentencing judicial recommendation to the Bureau of Prisons ("BOP"). ECF No. 80. For the reasons stated herein, the Court will grant the motion in part.

Defendant requests that the Court recommend that he be placed at a minimum-security facility in Leavenworth, Kansas, that he be considered for the Residential Drug Abuse Program ("RDAP"), and that he be considered for "maximum lawful prerelease custody, including consideration for home confinement." ECF No. 80 at 1.

The United States Probation Office for the Eastern District of Wisconsin ("Probation") has advised the Court that Defendant has already been designated by the BOP to a facility in Yankton, South Dakota, and is satisfied with this placement. The BOP determines the place of a prisoner's imprisonment and considers factors including "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3)

the history and characteristics of the prisoner;(4) any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b). Therefore, the Court will not recommend that Defendant be placed at a facility in Leavenworth, Kansas.

Probation has also advised the Court that RDAP is offered at Yankton. Whether an inmate qualifies for RDAP is ultimately a decision made by the BOP, but the Court can nevertheless make a recommendation regarding a defendant's participation in RDAP. *See United States v. Martinez*, 738 F. App'x 361, 365 (7th Cir. 2018) ("[D]ecisions about participation in RDAP rest entirely with the [BOP] . . . ." (citing *Tapia v. United States*, 564 U.S. 319, 330–31 (2011) and *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011))). To be admitted into RDAP, an inmate "must have a verifiable substance use disorder," sign a program agreement, and when starting the program must be able to complete all three components of the program, including six months of treatment activities in a specific treatment unit of the prison facility, follow-up services, and community treatment service. 28 C.F.R. § 550.53(a)–(b). Defendant's marijuana and alcohol substance abuse history is detailed in the revised presentence report. ECF No. 73 at 16. Defendant also seems likely to be able to complete all three components of RDAP. *See* U.S. DEP'T OF JUST., FED. BUREAU OF PRISONS, *Program Statement 5330.11 CN-1: Psychology Treatment Programs* at 2-9 (Apr. 25, 2016), https://www.bop.gov/policy/progstat/5330_11_cn_1.pdf [https://perma.cc/7JPW-GMA7] (stating that inmates should ordinarily have twenty-fourth months or more remaining on their sentence).

Probation also advised the Court that Defendant appears eligible for RDAP. Thus, the Court will grant Defendant's request and recommend to the BOP that he be considered for RDAP at Yankton. This recommendation

is not amending or modifying the previous judgment, ECF No. 77. *See Carter v. United States*, No. 17-C-1325, 2018 WL 2376513, at *6 (E.D. Wis. May 24, 2018) ("[W]hile the court may not modify the original judgment . . . it may issue a non-binding recommendation. . . . [B]ecause 18 U.S.C. § 3621(b) directs the BOP to consider any statement by the court that imposed the sentence[,] . . . the court may issue such a recommendation later." (citation omitted)).

Defendant's last request is that he be considered for maximum lawful prerelease custody and home confinement. ECF No. 80 at 1. The Court believes that this consideration is best left to the BOP, who has sole authority to make such a determination under 18 U.S.C. § 3624. Therefore, Defendant's request on this ground is denied.

Accordingly,

**IT IS ORDERED** that Defendant Coran D. Smith's motion for post-sentencing judicial recommendation, ECF No. 80, be and the same is hereby **GRANTED in part and DENIED in part** as described in this Order; and

**IT IS FURTHER ORDERED** that Defendant be evaluated for inclusion in the Bureau of Prisons' Residential Drug Abuse Program.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge